UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KEIONNA FREEMAN,

Plaintiff,

v.

BOISE CITY/ADA COUNTY HOUSING AUTHORITY,

Defendant.

Case No. 1:26-cv-00545-AKB

**MEMORANDUM DECISION AND ORDER**

Pending before the Court are Plaintiff Keionna Freeman's Application for Leave to Proceed In Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 3). Freeman is proceeding pro se and challenges Defendant Boise City/Ada County Housing Authority's ("BCACHA") termination of her Housing Choice Voucher assistance.

Pursuant to 28 U.S.C. § 1915, the Court grants Freeman's request to proceed in forma pauperis and dismisses her Complaint, without prejudice, and with leave to amend. Because the Complaint presently states no claim and the record does not otherwise satisfy the requirements for emergency injunctive relief, the Court also denies Freeman's Emergency Motion without prejudice.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A plaintiff may proceed without prepaying the filing fee if she demonstrates that paying the fee would prevent her from providing herself and her dependents the necessities of life. 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Freeman reports gross employment income of approximately $4,080 per month, monthly expenses of approximately $5,235, very limited liquid assets, and responsibility for supporting three family members (Dkt. 1 at 2-5). Although she identifies a vehicle and past-due child support owed to her, neither presently provides funds to pay the filing fee (*id.* at 3). The Court therefore grants her Application to Proceed In Forma Pauperis.

## II. SUFFICIENCY OF THE COMPLAINT

Because Freeman proceeds in forma pauperis, the Court must dismiss any portion of her Complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court construes a pro se pleading liberally, but the Complaint still must contain sufficient factual matter to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Freeman alleges that BCACHA terminated her Housing Choice Voucher assistance after accusing her of fraud or forgery. She alleges she requested relevant records but did not receive them; sought a continuance of a July 15, 2026, hearing because of bereavement and serious family medical circumstances; participated in the hearing by telephone over her objection; and received a July 22 decision that inadequately explained the factual basis for termination (Dkt. 2 at 2-3). She asserts claims for procedural due process under 42 U.S.C. § 1983; violations of federal Housing Choice Voucher hearing procedures; Fair Housing Act discrimination, interference, or retaliation; Title VI discrimination; and disability discrimination under § 504 of the Rehabilitation Act (*id.* at 3-4).

### A. Procedural Due Process Under § 1983

Existing Section 8 housing benefits may constitute protected property for purposes of procedural due process. *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1191-93 (9th

Cir. 2015). Freeman alleges facts that could support a procedural-due-process theory, including that she was denied requested records, denied a continuance despite circumstances impairing her ability to prepare, and provided an allegedly inadequate written decision (Dkt. 2 at 2-3).

BCACHA, however, is the only defendant. A governmental entity is liable under § 1983 only when the alleged constitutional violation is attributable to the entity itself, such as through an official policy or custom or a decision by an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978); *Wilbourn v. Pierce*, No. 1:26-CV-00018-BLW, 2026 WL 915382, at *3 (D. Idaho Apr. 3, 2026). Freeman does not allege facts establishing any such basis for BCACHA's liability. Count One therefore fails to state a claim.

Further, § 1983 does not make this Court an appellate tribunal charged with deciding whether BCACHA correctly calculated Freeman's household income or rent, correctly determined whether documents were fraudulent, or correctly weighed the evidence at the administrative hearing. Those substantive, administrative-review disputes are distinct from the procedural-due-process claim Freeman attempts to plead here.

**B. Alleged Violations of 24 C.F.R. § 982.555**

Freeman's second claim seeks to enforce through § 1983 several Housing Choice Voucher hearing requirements contained in 24 C.F.R. § 982.555 (Dkt. 2 at 3). Agency regulations alone do not independently create federal rights enforceable through § 1983. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939-43 (9th Cir. 2003). Freeman identifies no statutory language independently conferring the particular procedural rights she invokes. Count Two therefore fails to state an independent § 1983 claim.

Section 982.555 may nevertheless inform the factual and constitutional analysis of an adequately pleaded due-process claim; it simply does not, standing alone, create a separate § 1983 claim. *See Save Our Valley*, 335 F.3d at 939-43.

**C. Discrimination Claims**

Freeman's remaining claims are also inadequately pleaded. Count Three asserts discrimination and interference or retaliation under the Fair Housing Act. The Act prohibits specified housing discrimination because of race, color, and disability, *see* 42 U.S.C. § 3604, and separately prohibits coercion, intimidation, threats, or interference with the exercise or enjoyment of rights protected by the Act, *see* 42 U.S.C. § 3617. Freeman alleges that race, color, and disability "played an unlawful role" in BCACHA's treatment of her, but alleges no facts showing that BCACHA took any challenged action because of a protected characteristic (Dkt. 2 at 3–4). She also alleges that she complained of discriminatory and unequal treatment and that adverse actions followed, but she does not identify the substance or timing of those complaints, facts showing BCACHA knew she was asserting rights protected by the Fair Housing Act, or facts plausibly connecting the challenged action to those complaints (*id.* at 3). Her allegation that discovery may reveal comparator evidence, internal communications, and decision-making records cannot substitute for facts sufficient to state a plausible claim.

Count Four fares similarly. Title VI prohibits intentional discrimination based on race, color, or national origin in federally funded programs. *See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Freeman alleges BCACHA receives federal financial assistance and intentionally discriminated against her because of race or color, but she alleges no facts indicating that race or color played any role in BCACHA's challenged conduct (Dkt. 2 at 4). Her conclusory allegation of intentional discrimination therefore does not state a plausible Title VI claim.

Finally, § 504 of the Rehabilitation Act prohibits a federally funded program from excluding an otherwise qualified individual from participation in, denying her benefits, or discriminating against her solely by reason of disability. *See Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Freeman alleges she is a qualified individual with a disability and generally asserts "disability discrimination" or a failure to provide "equal access or accommodation" (Dkt. 2 at 4). She does not, however, identify the accommodation or access she needed because of a disability, facts showing BCACHA failed to accommodate her, or facts plausibly showing that BCACHA denied her benefits or otherwise discriminated against her because of disability. Count Five therefore fails to state a claim. Counts Three through Five are dismissed with leave to amend.

**D. Leave to Amend**

The Court cannot conclude amendment would necessarily be futile. Freeman may be able to allege additional facts supporting municipal liability for her procedural-due-process theory or facts supporting one or more discrimination claims. The Court therefore dismisses the Complaint without prejudice and grants Freeman thirty (30) days to file an amended complaint. If Freeman files an amended complaint, the Court will screen it under § 1915 before directing service.

## III. EMERGENCY MOTION FOR INJUNCTIVE RELIEF

Freeman also asks the Court to temporarily restrain and preliminarily enjoin BCACHA from terminating her Housing Choice Voucher assistance (Dkt. 3). The same standards generally govern temporary restraining orders and preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must show likely success on the merits, likely irreparable harm absent relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555

U.S. 7, 20 (2008). Under the Ninth Circuit's sliding-scale approach, serious questions going to the merits may support relief when the balance of hardships tips sharply toward the plaintiff, provided likely irreparable harm and the public interest are also shown. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

First, Freeman has not shown likely success on the merits. As explained above, the Complaint presently states no claim; and even assuming she could cure the various shortcomings, the present record lacks the termination notice, hearing decision, and administrative materials necessary to find that the process she received was constitutionally inadequate.

Second, Freeman has not shown likely irreparable harm. Her filings show a risk of significant financial hardship, but they do not provide her current tenant-rent obligation, the amount of any Housing Assistance Payment that ceased, an arrearage or eviction notice, or confirmation that the stated August 21 termination was actually implemented.

Third, Freeman has not shown the balance of equities tips in her favor, much less sharply. She filed on August 24 seeking to prevent an August 21 termination, the record does not establish whether that termination occurred, and her new employment beginning August 10 leaves her present eligibility for assistance and the amount of any subsidy uncertain (Dkt. 1 at 2; Dkt. 3 at 1). On this incomplete record, Freeman has not shown that the equities favor ordering BCACHA to provide emergency relief.

Fourth, Freeman has not shown an injunction would serve the public interest. The public has an interest both in constitutionally adequate procedures and in lawful, accurate administration of the Housing Choice Voucher program; on this incomplete record and absent a viable claim, Freeman has not shown emergency relief would advance those interests.

Because Freeman has not shown serious questions going to the merits, likely irreparable harm, a balance of hardships tipping sharply in her favor, or that an injunction is in the public interest, she also does not satisfy the Ninth Circuit's sliding-scale test.

## IV. ORDER

**IT IS ORDERED that:**

1. Freeman's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED**.

2. Freeman's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Freeman may file an amended complaint curing the deficiencies identified in this Order within **thirty (30) days** of entry of this Order. Any amended complaint must be complete in itself and must include all claims and allegations Freeman intends to pursue.

3. If Freeman timely files an amended complaint, the Court will screen it under 28 U.S.C. § 1915 before directing service. If Freeman does not file an amended complaint within the time allowed, this case will be dismissed without further notice.

4. Freeman's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 3) is **DENIED WITHOUT PREJUDICE**.

DATED: September 02, 2026

Amanda K. Brailsford
U.S. District Court Judge